**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**In re: Tanisha Hart** ) 20 B 01160
)
)
Debtor(s) ) **Judge Hunt**

*NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

Tanisha Hart
905 Wilcox Street
Joliet, IL 60435

David M Siegel & Assoc.
790 Chaddick Drive
Wheeling, IL 60090

Please take notice that on May 8, 2020 at 10:45 AM a representative of this office shall appear at the Joliet City Hall, 150 W. Jefferson St., 2nd Floor, Joliet, IL and present the this motion.

**IF A PARTY OBJECTS TO THIS MOTION AND WANTS IT TO BE CALLED, THE PARTY MUST FILE A NOTICE OF OBJECTION NO LATER THAN TWO (2) BUSINESS DAYS BEFORE THE PRESENTMENT DATE.
(See General Order 20-03)**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you don't have an attorney, you may wish to consult one)**

I certify that this office caused a copy of this notice to be delivered to the attorney through the CM/ECF system and to the above listed debtor(s) through U.S. Mail on April 24, 2020

/s/
For Glenn Stearns, Trustee

MOTION TO DISMISS FOR LACK OF GOOD FAITH AND UNREASONABLE DELAY

Now Comes Glenn Stearns, Chapter 13 Trustee, and requests dismissal of the above case pursuant to 11 U.S.C. §1307(c) and in support thereof, states the following:

1. On January 15, 2020, the debtor(s) filed a petition under Chapter 13.
2. The debtor's proposed plan calls for payments of $500.00 per month for 21 months and $529.00 per month over 15 months.
3. The schedule I filed by the debtor lists income from a prorated income tax refund.
4. The tax returns of the debtor show that she receives an income tax refund due to annual business losses in the amount of $20,000.00 to $30,000.00.
5. However, the debtor does not operate a business and the Statement of Financial Affairs #27 filed by the debtor does not show the debtor has operated a business for the past four years.
6. The income that the debtor receives from tax refunds seems to be based on falsehoods on her tax returns.
7. As a result of the foregoing, the debtor has not proposed a plan in good faith as required by §1325(a)(3) and (a)(7).
8. The debtor has caused an unreasonable delay that is prejudicial to her creditors by supporting her plan payment on income tax refund income that would not be

available except for incorrect information provided to the federal government on her tax returns.

WHEREFORE, the Trustee prays that this case be dismissed pursuant to §1307(c) and for such and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee

/s/
By: Gerald Mylander

Glenn Stearns, Chapter 13 Trustee
801 Warrenvile Rd., #650
Lisle, IL 60532